NO. 14-15595

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

ANGEL FRALEY; PAUL WANG; JAMES H. DUVAL, a minor, by and through
James Duval, as Guardian ad Litem; WILLIAM TAIT, a minor, by and through
Russell Tait, as Guardian ad Litem; SUSAN MAINZER; LUCY FUNES;
INSTAGRAM, LLC,
*Plaintiffs-Appellees*,

C.M.D.; T.A.B.; H.E.W.; B.A.W.; A.D.Y.; R.P.Y.,
*Intervenor-Plaintiffs-Appellees*,

SAM KAZMAN,
*Objector-Appellant*,

v.

FACEBOOK, INC.,
*Defendant-Appellee.*

On Appeal from the United States District Court
for the Northern District of California at San Francisco
No. 3:11-cv-01726-RS, District Judge Richard Seeborg

Reply Brief of Appellant Sam Kazman

CENTER FOR CLASS ACTION FAIRNESS
Theodore H. Frank
1718 M Street NW, No. 236
Washington, D.C. 20036
(703) 203-3848
*Attorney for Objector-Appellant Sam Kazman*

# Table of Contents

Table of Contents...............................................................................................i

Table of Authorities.........................................................................................ii

Introduction .......................................................................................................1

I.    There is no dispute that affirmance would create perverse incentives for both objectors and class counsel. Thus, good-faith substantive objections should be entitled to a presumption that they "realized a substantial benefit" for the class when a settlement is improved on the grounds of the objection...........................5

II.   It was independent legal error for the district court to deny attorneys' fees for a material improvement in class recovery even if it was correct in holding that the benefit was "only" $300 thousand. ........................................................................12

III.  Objector fees should be awarded from class counsel's total fees so that the class is not penalized by double attorney recovery from an objectionable fee request and settlement. ...............................................................................................17

IV.  An objector is entitled to a reasonable incentive payment....................19

Conclusion........................................................................................................19

Certificate of Compliance  with Fed. R. App. 32(a)(7)(C) and Circuit Rule 32-1 .........21

Certificate of Service.......................................................................................22

# Table of Authorities

<u>Cases</u>

*AT&T Mobility, Inc. v. Concepcion*,
    131 S.Ct. 1740 (2011) .............................................................................7

*In re Bluetooth Headset Prod. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) .................................................................7

*Boeing Co. v. Van Gamert*,
    444 U.S. 472 (1980) .............................................................................16

*Brown v. Stackler*,
    612 F.2d 1057 (7th Cir. 1980) ......................................................... 7, 10

*Budinich v. Becton Dickinson & Co.*,
    486 U.S. 196 (1988) .............................................................................18

*In re Cendant Corp. Sec. Litig.*,
    404 F.3d 173 (3d Cir. 2005)....................................................................9

*Dannenberg v. Software Toolworks Inc.*,
    16 F.3d 1073 (9th Cir. 1994) ...........................................................18-19

*In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
    55 F.3d 768 (3d Cir. 1995) ...................................................................10

*K.C. v. Torlakson*,
    762 F.3d 963, 2014 U.S. App. LEXIS 15390 (9th Cir. 2014) ...........3, 6

*Laguna v. Coverall North America, Inc.*,
    753 F.3d 918 (9th Cir. 2014) ...............................................................19

*Petersen v. Lowe's Hiw, Inc.*, No. C 11-01996,
    2012 U.S. Dist. LEXIS 123018 (N.D. Cal. Aug. 24, 2012) ..................13

*Redman v. RadioShack*,
    No. 14-1470, -- F.3d --,
    2014 U.S. App. LEXIS 18181 (7th Cir. Sept. 19, 2014) ................. 9, 16

*Reynolds v. Beneficial Nat'l Bank,*
    288 F.3d 277 (7th Cir. 2002) ............................................................... 11, 15

*Rodriguez v. Disner,*
    688 F.3d 645 (9th Cir. 2012) ("*Rodriguez II*") ..................................... 5, 12

*Rodriguez v. West Publishing Corp.,*
    563 F.3d 948 (9th Cir. 2009) ("*Rodriguez I*") ........................................*passim*

*Sikes v. Teleline, Inc.,*
    281 F.3d 1350 (11th Cir. 2002),
    *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.,*
    553 U.S. 639 (2008) ............................................................................9

*In re Synthroid Mktg. Litig.,*
    264 F.3d 712 (7th Cir. 2001) ............................................................11

*Vizcaino v. Microsoft Corp.,*
    290 F.3d 1043 (9th Cir. 2002) .........................................................12

Rules and Statutes

28 U.S.C. § 1291 ..................................................................................18

Fed. R. App. Proc. 4(a)(1)(A) ...............................................................18

Fed. R. Civ. Proc. 11 ...........................................................................11

Fed. R. Civ. Proc. 23(h) ........................................................ 12, 17-18, 20

Other Authorities

American Law Institute,
    *Principles of the Law of Aggregate Litigation* § 3.05 *comment a* (2010)............................9

Leslie, Christopher R.,
    *The Significance of Silence: Collective Action Problems and Class Action
    Settlements*, 59 FLA. L. REV. 71 (2007) ........................................10

Wolfman, Brian,
    *Judges! Stop Deferring to Class-Action Lawyers*,
    2 U. Mich. J.L. Reform 80 (2013) ....................................................................... 9-10

## Introduction

Objector and appellant Kazman made a fee request for *less than two percent* of the difference to the net settlement fund generated when the district court agreed with some of his objections. He appeals the district court's decision not to award him fees.

It is worth noting what class counsel's response brief does *not* contest. Class counsel does not dispute that:

- Kazman's non-profit counsel filed a substantive, good-faith objection that class counsel spent a great deal of time responding to and contesting (OB8-11; OB15-17; OB20-36);[1]

- Kazman challenged the injunctive relief valuation offered by class counsel for the first time, and the district court ultimately agreed with Kazman's position (OB8; OB10-11; OB20-21; OB26-28);

- Kazman argued for class-member award augmentation, was the only objector to do so in a substantive manner, did so before the settling parties suggested doing so, and the district court ultimately overcame its reluctance to augment the awards and issued an order doing so, increasing class recovery by $3 million that would have otherwise gone to *cy pres* (OB9; OB30-36);

---

[1] "OB" refers to Kazman's opening brief in this appeal; "PB" refers to plaintiffs' response brief; "ER" to Kazman's Excerpts of Record; "PSER" to Plaintiffs' Supplemental Excerpts of Record.

- Kazman was the only objector who requested fees, and neither Facebook nor any other objector claimed that Kazman duplicated their objection or challenged Kazman's right to fees under Ninth Circuit law for creating a benefit for the class (OB12);

- Kazman was the only objector who argued that fees should be calculated based on the net fund rather than the gross fund, that district courts have repeatedly held otherwise, that plaintiffs argued vociferously against this result, and that the class recovery was increased because the district court ultimately agreed with Kazman (OB8-11; OB22-24; OB28-30);

- The net fund to the class was ultimately increased $2.8 million because the district court adopted Kazman's arguments on the appropriate percentage of recovery and on the use of the net-fund denominator (OB8-11; OB20-21).

Everyone agrees that Ninth Circuit law instructs that objectors are entitled to attorneys' fees when they confer a substantial benefit to the class. The only dispute is *how* to determine whether objectors have conferred a substantial benefit to the class. Kazman contends the facts above entitle him to fees as a matter of law.

This brief will be short because class counsel simply argues past Kazman rather than squarely addressing Kazman's arguments, often just repeating the district court's reasoning without addressing Kazman's rebuttal. Kazman argues that the district court applied a standard of law that results in perverse incentives for objectors and class counsel, necessitates burdensome (and often impossible) collateral discovery, and creates both an intracircuit conflict and an intercircuit conflict (with Seventh

Circuit law). OB22-28; OB35-38. Kazman argues that the appropriate standard that this Court should institute is that "when a substantive good-faith objection is subsequently followed by settlement modifications or fee reductions, objectors are presumptively entitled to attorneys' fees proportional to the resulting class benefit, without regard to self-serving claims that those modifications would have happened anyway." OB37-38. Class counsel *never mentions this proposed legal standard*, much less explains why it is not good public policy. Rather, class counsel spends almost the entirety of their brief rearguing the facts, contesting the meaning of precedents (including precedents that Kazman never cited), and insisting there was no abuse of discretion in denying fees. But class counsel agrees with Kazman that an error of law is an abuse of discretion. OB3; PB6; *see also K.C. v. Torlakson,* 762 F.3d 963, 2014 U.S. App. LEXIS 15390, at *6-*7 (9th Cir. 2014) ("Any elements of legal analysis and statutory interpretation that figure in the district court's attorneys' fees decision are reviewed de novo."). Class counsel does not dispute many of the public-policy arguments Kazman made in support of his proposed legal standard, to wit:

- Objectors are valuable to the class-action process and good-faith objectors who bring substantive meritorious objections should be compensated in an amount to incentivize counsel to represent class members unfairly treated by a settlement (OB19);

- Objectors cannot read judges' minds and know what reasoning the judge will bring to bear in response to an *ex parte* presentation by class counsel and settling parties, nor conduct discovery on judges after the fact (OB24-25);

- Without a definitive ruling at the preliminary approval stage, an objector has no reason to ignore new arguments made in class counsel's request for excessive fees, much less waive the issue (OB26-28);

- If objectors cannot be compensated for objections deemed "obvious" or "common sense" after the fact, it gives class counsel the perverse incentive to attempt settlements that are especially abusive and arguments that are especially meritless because objectors will be deterred from bringing those abuses to a district court's attention (OB27-28);

- Penalizing objectors for being concise creates a perverse incentive for logorrhea (OB30);

- Permitting settling parties to defeat a claim for attorneys' fees by self-servingly representing that they would have modified a settlement regardless of an objection creates a perverse incentive to propose heads-I-win/tails-don't-count abusive settlements hoping no one will object, and then costlessly modifying them at the last minute if the settlement draws a substantive objection (OB35-36);

- A straightforward bright-line rule will eliminate the need for collateral litigation and discovery, and deter settling parties from proposing objectionable settlements (OB 36-37); and

- The rule proposed by the district court and class counsel perversely makes it more profitable to bring bad-faith objections in quantity rather than good-faith objections targeted by the merits of the case (OB37).

Having failed to contest these public-policy arguments (except with one argument against a strawman rule that Kazman never proposed), and having failed to argue that existing law precludes Kazman's proposed interpretation, class counsel has waived any argument that the Ninth Circuit should not rule in Kazman's favor and adopt his proposed presumption, and remand with instructions to grant fees.

At a minimum, even under the narrowest reading of *Rodriguez I* and *Rodriguez II*, there is no dispute that Kazman's objection is responsible for a $300,000 benefit to the class, and that the district court erred as a matter of law in (1) holding that a "small percentage" settlement improvement was not entitled to fees and (2) holding that an objection no one else made, class counsel opposed strenuously, and is an open question of law in the Ninth Circuit (including in at least one decision by the same district court judge) was "common sense" and thus not entitled to fees. Kazman is entitled to fees on that score under any reading of Ninth Circuit law.

## I.    There is no dispute that affirmance would create perverse incentives for both objectors and class counsel. Thus, good-faith substantive objections should be entitled to a presumption that they "realized a substantial benefit" for the class when a settlement is improved on the grounds of the objection.

As discussed above, Kazman provided numerous normative public-policy reasons for why the Ninth Circuit should clarify its earlier precedents and adopt a rule that when a substantive good-faith objection is subsequently followed by settlement modifications or fee reductions, objectors are presumptively entitled to attorneys' fees proportional to the resulting class benefit, without regard to self-serving claims that those modifications would have happened anyway. OB22-28; OB37-38.

Class counsel's only token resistance to this public-policy argument is to suggest that a "wide net" rule "would incentivize objectors' counsel to file voluminous, unhelpful objections." PB22-23. This is wrong for at least two reasons.

*First*, the premise is wrong. Kazman is not proposing that objectors be rewarded for casting an indiscriminate "wide net." A prerequisite of Kazman's rule is that the objection is both "substantive" and "good-faith." A "voluminous, unhelpful" objection that indiscriminately attacks a settlement without basis is neither substantive nor good-faith. There would be no incentive to file "voluminous, unhelpful" objections, only targeted, helpful, substantive, good-faith objections. There is no dispute that Kazman's objection was substantive and good-faith.[2]

*Second*, class counsel ignores that the Kazman rule would not just affect the incentives for objectors, but the incentives for *settling parties*. The way to avoid the risk that an objector will obtain fees is to propose a settlement and fee request that can withstand objection. Class counsel does not dispute that there should be consequences for attempting to self-deal at the class's expense, and does not even cite, much less distinguish, the *Brown v. Stackler* decision that is the basis of Kazman's argument. OB27-28.

---

[2] Class counsel states "[Kazman's argument] does not address whether the district court abused its discretion in determining Kazman's objections were unhelpful and did not create a benefit for the class." PB23. But if Kazman is correct that he is entitled to a presumption of benefit creation, then the district court applied the wrong standard of law and *per se* abused its discretion. And any "elements of legal analysis and statutory interpretation that figure in the district court's attorneys' fees decision are reviewed de novo." *K.C. v. Torlakson,* 762 F.3d 963, 2014 U.S. App. LEXIS 15390, at *6-*7 (9th Cir. 2014).

Note that under Kazman's proposed rule, economics predicts there will still be *too few* objections, rather than class counsel's parade of horribles of multiple "voluminous, unhelpful" objections. Just as no individual class member has the incentive to hire an attorney to bring a $30 claim (requiring the need of the procedural class-action device to vindicate those claims), no individual class member bound by a settlement has an incentive to pay an attorney to object to an unfair settlement of that $30 claim—requiring the need for a predictable compensation system for successful objectors. *Cf. AT&T Mobility, Inc. v. Concepcion*, 131 S.Ct. 1740, 1761 (2011) (Breyer, J., dissenting) ("only a lunatic or a fanatic sues for $30"). And an objector's counsel bringing the case on a contingency-fee basis under the proposed presumption faces not just the risk that the objection will fail, but also the risk that the objection will be *too* successful. An objection might blow up a settlement, result in the class receiving no benefit at all, and thus no basis for fees. ER43 at ¶ 33. For example, in *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011), Kazman's counsel litigated an objection, brought a successful appeal that resulted in a landmark decision, litigated the objection on remand (including two depositions) in multiple rounds of briefing, successfully reduced an excessive fee request—but had no legal entitlement to fees, because the fee reduction reverted to the defendant rather than the class.

Even when an objection is successful, it may not fully compensate the objector's counsel. Multiple objectors may provide duplicative objections, and dilute the rights of an objector's counsel to fees by requiring him or her to split it with other objectors. And in this case, there is no dispute that Kazman's proposed fee award would have been less than his total lodestar and expenses in the case—and that was

before class counsel's scorched-earth litigation tactics required Kazman to expend hundreds more hours on the collateral litigation of his fee, including this appeal.

Indeed, reducing the expense of that collateral litigation is another reason for Kazman's proposed presumption, and class counsel never disputes that that would be a benefit of the rule. Class counsel has an "incentive to punish successful objectors by withholding fees." *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 201 n.17 (3d Cir. 2005). Self-serving claims of lack of causation create disputes that should never be disputes. "A presumption is generally employed to benefit a party who does not have control of the evidence on an issue. … It would be unjust to employ a presumption to relieve a party of its burden of production when that party has all the evidence regarding that element of the claim." *Sikes v. Teleline, Inc.*, 281 F.3d 1350, 1362 (11th Cir. 2002), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). Eliminating the need for discovery (including discovery of the district court that would likely be impossible) and eliminating the unfairness of requiring objectors to provide burdensome proof of causation when that evidence does not rest in their hands are reasons alone to create a presumption.

In short, under both the *status quo* and even under Kazman's proposed presumption, there is *too little* incentive to bring meritorious objections. *Cf. Redman v. RadioShack Corp.*, No. 14-1470, -- F.3d --, 2014 U.S. App. LEXIS 18181, at *10 (7th Cir. Sept. 19, 2014) ("oversight, indifference, rejection, [and] transaction costs" means that very few class members will bring claims, much less object); American Law Institute, *Principles of the Law of Aggregate Litigation* § 3.05 *comment a* at 206 (2010); Brian Wolfman, *Judges! Stop Deferring to Class-Action Lawyers*, 2 U. MICH. J.L. REFORM 80

(2013); Christopher R. Leslie, *The Significance of Silence: Collective Action Problems and Class Action Settlements*, 59 FLA. L. REV. 71, 73 (2007); *see also In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 812-13 (3d Cir. 1995). Class counsel is arguing for throttling legitimate objections further, and does not dispute that an affirmance here will create the perverse incentive that bad-faith objections will be more profitable than good-faith objections.

There will be little incentive for anyone to file "voluminous, unhelpful" objections challenging a settlement that complies with the law, just as there is little incentive to bring a meritless contingency-fee personal-injury case. But under the district court's application of the *Rodriguez* precedents, there will be far too many abusive settlements, far too few good-faith objections, and class counsel will be able to costlessly attempt to abuse the class-action settlement process. "Heads I win, tails don't count": if no one objects, class counsel may be able to swipe an extra $2.8 million of the class's money as they attempted here. And if someone like Kazman takes the risk of coming forward to object and succeeds in stopping the abuse, class counsel is arguing the only consequence they should face is to receive the same amount they should have asked for in the first place. This sort of free ride should not be encouraged, and class counsel provides no reason that it should be. *Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir. 1980).

As noted in Kazman's opening brief, that the district court expressed its general disquiet with aspects of the fee request should be irrelevant. The argument in class counsel's fee papers was materially different than the one the district court addressed at the preliminary approval hearing, and there is no dispute that Kazman

"submitted a substantive, meaningful objection that class counsel took seriously enough to spend much of their brief contesting" (OB27) and ultimately prevailed upon. "While the district court may have expressed skepticism as to the valuation of the injunctive relief, class counsel persisted in making the argument without anyone suggesting that they violated Rule 11 in doing so. Objectors should not be required to guess whether a district court's musings at the preliminary approval stage will ultimately result in the correct outcome." OB26.

Class counsel's argument that a district court's vague identification of potential problems forecloses any right of objectors to recover for successfully challenging a specific manifestation of the problem makes no sense: at that level of generality, if a district court says "I have concerns over whether I can approve the settlement and fee award," all objections are foreclosed. (Class counsel's legal argument is also unsupported by their cite to *Reynolds*, which held only that a "vociferous objection" by other counsel mooted the claim of another objector to fees. 288 F.3d at 288-89. There was no such vociferous objection here, and neither class counsel nor the district court nor any other objector identifies any. Class counsel's "*accord*" cite to *In re Synthroid Mktg. Litig.*, 264 F.3d 712 (7th Cir. 2001) is simply fraudulent, as that case had no application for fees from objectors.) It would be perverse if the fact that the district court invites argument on a specific issue has the legal effect of *deterring* objections on any related argument; objectors shouldn't be required to make such arguments *gratis*. Class counsel's only response to Kazman's argument is the Monty-Python-Argument-Clinic-style yes-they-should; they provide neither reasoning nor reference to the record showing where the district court anticipated the specific arguments that

Kazman made for the first time against class counsel's specific valuation arguments. This is all the more important because class counsel made those arguments for valuation for the first time after the preliminary hearing. PB 13-14 n.7.

Class counsel's entire argument is premised on their *ipse dixit* that Kazman did not contribute anything unique. This is wrong. While class counsel complains that Kazman's objection was "duplicative," (PB15) they provide no record citations or evidence for that simply false assertion. Class counsel identifies no aspect or argument of the district-court preliminary approval opinion that Kazman "duplicated," and identify no other objection that made the same substantive arguments that Kazman did. As Kazman noted in his opening brief, class counsel certainly didn't think below Kazman's objection was "duplicative": it focused the bulk of its defense of the settlement and fee request responding to Kazman's objections. OB9. No other objector claimed credit for the benefit Kazman claimed he provided the class. Not even the district court held that the Kazman objection was duplicative; the word "duplicative" does not even appear in its opinion. Kazman is not seeking fees for "duplicative" work.

Kazman's proposed presumption is consistent with *Rodriguez I, Rodriguez II,* and *Vizcaino.* It is sound public policy, better aligns the incentives of both class counsel and objectors with the class's and the public's interests, and avoids unfair collateral litigation. Class counsel has waived any argument to the contrary, and this Court should adopt the proposed presumption entitling objectors to fees when a court or settling parties modify a settlement to increase the net benefit to the class, and reverse and remand with instructions to award fees on that principle.

## II. It was independent legal error for the district court to deny attorneys' fees for a material improvement in class recovery even if it was correct in holding that the benefit was "only" $300 thousand.

Regardless of whether the Court adopts Kazman's proposed presumption, Kazman is entitled to fees for the approximately $300,000 realized by the class because of his objection to class counsel attempting to claim a percentage of the settlement administration expenses as fees. There is no dispute that Kazman was the only one to make this objection.

As Kazman said in his opening brief, the district court

> conceded that there was benefit to the class from one of Kazman's two arguments but wrongfully dismissed it as trivial because it was "slightly less than $300,000." ER3. The court held that "applying the percentage recovery to the net settlement fund decreased the fee award by slightly less than $300,000 … while not a *de minimus* [*sic*] amount, it represents a very small percentage of the overall settlement funds going either to class members directly or *cy pres* recipients." ER3. That observation is irrelevant to the issue of whether Kazman is entitled to fees. An objector's entitlement to attorneys' fees is not triggered by an objection that's responsible for some minimum percentage "X" of the total settlement benefit. In *Rodriguez I*, for example, this Court noted that as a result of the objector's arguments, the "net effect was to leave $325,000 in the settlement fund." 563 F.3d at 963. But that $325,000 merited attorneys' fees, even though it was a smaller percentage of a larger *cash* settlement. *Id.* at 965. Here, even utilizing the court's low estimate of $300,000, Kazman realized 1.6% of the $18.7 million class recovery—but was asking to take home substantially less than 1.6% of class counsel's ultimate Rule 23(h) award. The district court's "small recovery" rationale might be a reason to reduce the fee award from the requested $135,000 (all but $50,000 of which Kazman promised to donate to the class

> settlement fund) to something in the $74,000 range under the
> 25% benchmark, but it was independent legal error to hold that
> the supposedly small amount was a reason to deny Kazman fees
> entirely. A $300,000 benefit is still a benefit.

OB28-30 (footnotes omitted). Class counsel makes no attempt to defend the district

court's erroneous "small percentage" reasoning; the words "small percentage" are

absent from its brief. Class counsel has waived any argument that the district court's

reasoning was not an error of law.

Class counsel's other arguments for affirming the decision against fees for this

particular successful argument by Kazman contradict the law and the facts.

Class counsel argues that the district court denied relying on Kazman's

objection because it was "commonsense." ER15. But the district court's reasoning is

wrong for multiple reasons.

*First,* given that class counsel cannot identify a single other case where this

district judge used Kazman's proposed methodology (OB22-23),[3] the argument that

the district court did not rely on Kazman's objection seems tendentious. As class

counsel acknowledges, the district court decision did not cite any precedent for its

---

[3] Class counsel asserts that Judge Seeborg's *Peterson v. Lowe's HIW, Inc.* decision
can be interpreted as involving a calculation of a reasonable percentage of the net
award. PB17. This characterization of the opinion's reasoning is utterly false. "In
consideration of the positive result achieved for the class, the quality of the
representation, as well as the time spent litigating the case, [the court awards] 22% of
the [gross] common fund, or $640,000." 2012 U.S. Dist. LEXIS 123018, at *12. The
only calculation of the percentage of the net common fund in *Peterson* is that invented
by class counsel's brief; the *Peterson* opinion provides no indication that it is remotely
aware of the "commonsense" distinction between a net and gross settlement fund.

ruling. Where did the district court judge get the idea to do something it had never done before, then, if not from Kazman's objection, the only filing that mentioned, much less argued for, the concept?

But, *second*, even if the district court coincidentally conceived the idea for the first time in its career in a fit of inspiration without any consideration of Kazman's argument, both the Ninth and the Seventh Circuits hold that a judge cannot deny objectors fees on this basis. "[O]bjectors must decide whether to object without knowing what objections may be moot because they have already occurred to the judge." *Reynolds v. Beneficial National Bank*, 288 F.3d 277, 288 (7th Cir. 2002) (Posner, J.); *accord Rodriguez I*, 563 F.3d at 963; OB25-26. An objector is not required to read a judge's mind before objecting; the objector must rely on the objective case law, not the possibility that an esoteric preference of one district court will *sua sponte* rule on that issue for the first time in its history on the bench. There was no indication in the preliminary approval hearing or in any of the district court's previous class-action settlement rulings that the district court believed that it would always award fees based on a percentage of the net common fund. Plaintiffs certainly acted like they did not believe that: they (1) requested fees based a percentage of the gross fund; (2) argued (citing two Ninth Circuit cases) against the "commonsense" approach of Kazman's

proposed methodology (Dkt. 343 at 33); and (3) never claimed in their opposition to Kazman's fee request that the argument was "commonsense."[4]

Class counsel argues that *Rodriguez I*—a case where the court "was not focused on the [net vs. gross distinction] before Objectors took exception to them after the motion [for fees] was filed" (563 F.3d at 963)—is distinguishable from this case. PB8. Kazman simply does not understand why class counsel thinks a case on all fours is distinguishable. Class counsel asserts "determination of the value of the common fund against which Plaintiffs' fees would be measured was *always* at the very heart of Plaintiffs' fee motion" (PB8), but cite nothing in the record showing that the net-vs.-gross issue was raised before Kazman raised it. Nor can they: Kazman was the first and only party to raise the issue, and the district court preferred Kazman's argument to class counsel's counter-argument, augmenting class recovery by about $300,000.

Class counsel incorrectly represented below that Kazman only devoted a paragraph to the argument; the district court repeated the claim in its opinion, apparently relying on class counsel's brief against awarding fees instead of what

---

[4] Kazman's opening brief referred to the then-pending appeal in *Redman v. RadioShack Corp.,* No. 14-1470 (7th Cir.). OB23. Since then, Kazman's counsel argued the appeal, and on September 19, the Seventh Circuit, in a Judge Posner opinion, agreed that the appropriate percentage in calculating fees is the *net* fund, without regard to the cost of notice and settlement administration, discussing the issue at length without once using the word "commonsense" or relying upon other appellate precedent. 2014 U.S. App. LEXIS 18181. That the issue as argued by Kazman's counsel was one of first impression in the Seventh Circuit (and one of first impression in a still-pending Ninth Circuit appeal) demonstrates further that it is not "commonsense."

Kazman's objection actually said. ER3. This is clearly erroneous: the argument—unique to Kazman—was developed over several pages, citing nine cases and three other authorities. ER72-74. Nevertheless, though this multiple-page argument is in black and white in the excerpts of record, class counsel blithely repeats the falsehood, except now further exaggerating that Kazman's argument was "only a sentence or two." PB33.

But the factual assertion is not just clearly erroneous, but should be considered legally irrelevant. The number of words in an argument is wholly irrelevant, unless one wants to create a perverse incentive for needlessly "voluminous" objections that class counsel complains about elsewhere in their appellate brief. (Again, class counsel fails to address the argument.) The only questions that matter are (1) was the objection substantive and in good faith; (2) was the requested result adopted; and (3) how much benefit did the class realize as a result? All three here cut in favor of awarding fees to Kazman.

While the $300,000 realized for the class from this particular objection is only 1.6% of the net settlement benefit, Kazman requested less than 1.6% of class counsel's fees. The district court's refusal to award fees on Kazman's unique and successful argument that created benefit for the class because the additional benefit was "small" runs afoul of *Rodriguez I*, and was reversible error. If nothing else, Kazman is entitled to fees for the successful net-vs.-gross argument, regardless of whether this Court adopts his proposed presumption.

**III.   Objector fees should be awarded from class counsel's total fees so that the class is not penalized by double attorney recovery from an objectionable fee request and settlement.**

In this issue of first appellate impression, Kazman argued that sound public policy and basic fairness requires that fees paid to objectors come out of the total Rule 23(h) award rather than billing the class twice just because class counsel proposed a fee award or settlement that was objectionable. OB39-43. Class counsel never disputes that it would be unfair to penalize the class for their objectionable conduct. They argue that objector fees should come "the entire fund, thus spreading fees proportionally among those benefited by the work," (PB26-27, quoting *Boeing Co. v. Van Gamert*, 444 U.S. 472, 478 (1980)) but that is exactly what Kazman is asking for: a total of 25% of "the entire fund" awarded to class counsel and objectors as fees, "spread[]… proportionally" with class counsel receiving the vast majority of the total, and Kazman receiving a token amount less than his counsel's lodestar. Nothing in *Boeing* requires double-dipping. It's true, as class counsel states, there is "no case law supporting such an argument in the Ninth Circuit." But there is also no case law *opposing* such an argument in the Ninth Circuit. It is an issue of first impression in the appellate courts.

Class counsel  "responds" in attempt to distinguish several district court cases (including many that Kazman never cited in his appellate briefs) (PB27-30), but the question is what rule the Ninth Circuit should adopt. Class counsel gives no public-policy reason why, when class counsel makes an objectionable fee request, the class should be penalized when an objection is successful. In contrast, awarding fees from class counsel's total (1) is consistent with the *Boeing* common-fund rule; (2) avoids the

unfairness of class recovery being reduced solely because class counsel made an objectionable fee request or settlement proposal; and (3) as discussed at pages 9-10 above, prevents class counsel from free-rolling at the class's expense by making an abusive fee request or settlement proposal in the hopes there is no objection. Class counsel simply never addresses these public-policy arguments or provides any reason why Kazman's proposed rule should be rejected.

Class counsel does argue that Kazman waived the issue by failing to appeal the district court's Rule 23(h) award to class counsel. OB26. The argument, which cites no precedent or authority, is frivolous. Kazman made a timely motion on September 9, 2013, for an order from the court awarding fees to Kazman from class counsel. Dkt. 363. This is a request for a collateral order with its own appellate schedule independent from the final judgment and independent from any other collateral order. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988). Kazman had nothing to appeal until the district court denied the order on February 28, 2014, creating a "final decision" on the collateral issue. Kazman filed a timely notice of appeal on March 27, 2014, appealing from the order refusing to award him fees from class counsel. Fed. R. App. Proc. 4(a)(1)(A). Not only did the August 26, 2013 Rule 23(h) order not aggrieve Kazman, it formed the foundation of his claim to having conferred a benefit. A piecemeal appeal from that earlier order would not have been ripe or had appellate jurisdiction because there was no "final decision" to appeal until the district court ruled on Kazman's motion in February 2014. *Dannenberg v. Software Toolworks Inc.*, 16 F.3d 1073 (9th Cir. 1994) (28 U.S.C. § 1291 "forbid[s] piecemeal disposition on appeal of what for practical purposes is a single controversy" (internal quotation and citation

omitted)). Certainly the Ninth Circuit would not have wanted these issues briefed twice. Kazman has not waived the issue. But class counsel has waived any argument that Kazman's public-policy reasoning is not correct.

## IV.   An objector is entitled to a reasonable incentive payment.

Because the district court held Kazman was not entitled to fees, it did not reach the question of whether he merited an incentive payment if he were entitled to fees. ER3 (denying motion for incentive without discussion). Class counsel argues that an incentive payment should be "related to the personal risk incurred by the individual or any additional effort expended by the individual for the benefit of the lawsuit." PB25. Kazman does not disagree, and the record demonstrates that he faced personal risk. ER42-43. Risk is measured *ex ante*, and objectors often face harassing discovery and abuse that deters objections before they are made. ER42; *e.g.*, *Laguna v. Coverall North America, Inc.*, 753 F.3d 918, 925-26 (9th Cir. 2014). Remand is appropriate to determine whether the token $500 Kazman requests as an incentive payment is reasonable, given his legal entitlement to fees.

### Conclusion

Good-faith substantive objections that are followed by material improvements to the settlement and its allocation should result in attorneys' fees without collateral litigation and discovery over self-serving claims subjectively denying causation. Even if this Court does not adopt this sound rule, the district court committed multiple legal errors in refusing Kazman attorneys' fees.

If this appeal is not mooted by a decision in the related appeals requiring the settlement to be rejected, this Court should vacate the order below denying attorneys' fees, and remand with instructions to calculate an appropriate fee and incentive award, to be deducted from the Rule 23(h) award to class counsel.

Dated: October 17, 2014                    Respectfully submitted,


                                           /s/ Theodore H. Frank
                                           Theodore H. Frank
                                           CENTER FOR CLASS ACTION FAIRNESS
                                           1718 M Street NW, No. 236
                                           Washington, DC 20036
                                           Telephone: (703) 203-3848
                                           Email: tfrank@gmail.com

                                           *Attorney for Objector-Appellant*
                                           *Sam Kazman*

**Certificate of Compliance
with Fed. R. App. 32(a)(7)(C) and Circuit Rule 32-1**

Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements:

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

This brief contains 5,331 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

This brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Garamond font.

Executed on October 17, 2014.

/s/ Theodore H. Frank

Theodore H. Frank

**Certificate of Service**

I hereby certify that on October 17, 2014, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Ninth Circuit using the CM/ECF system, which will provide notification of such filing to all who are ECF-registered filers.

Executed on October 17, 2014.

/s/ Theodore H. Frank

Theodore H. Frank

CENTER FOR CLASS ACTION FAIRNESS

1718 M Street NW, No. 236

Washington, DC 20036

Telephone: (703) 203-3848

Email: tfrank@gmail.com

*Attorney for Objector-Appellant*
*Sam Kazman*